UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT ALDRICH,
                    Plaintiff,

            v.                                    Civil Action
                                                  No. 13-12085-NMG

UNITED STATES OF AMERICA,
                    Defendant.

MEMORANDUM AND ORDER

GORTON, D.J.

        On August 26, 2013, plaintiff Robert Aldrich ("Aldrich"),  a prisoner in custody at MCI

Shirley and a frequent filer in this Court,[1] filed a civil rights action pursuant to Bivens[2] and the

Federal Tort Claims Act ("FTCA").[3]  Aldrich also alleges a claim made pursuant to 28 U.S.C.

§ 1983; however, the Court presumes he instead intended to raise a civil rights claim pursuant to

42 U.S.C. § 1983, although his claim for relief does not assert liability under § 1983.

        In the caption of the Complaint, the attached Civil Cover Sheet and Local Category

Sheet, Aldrich identifies the United States as the only Defendant.  Further, in the "Parties"

section of the Complaint, he again names only the United States as a Defendant; however, in his

claim for relief, he seeks compensatory and punitive damages against alleged government

agents, Assistant United States Attorney Diane Freniere ("AUSA Freniere"), and Alan Mason

("Mason"), an alleged government informant working for AUSA Freniere.

        Aldrich alleges that in 2008, he was a defendant proceeding *pro se* in several criminal

---

[1]This is Aldrich's fourteenth action (including habeas and non-habeas civil actions).  The relevant litigation history is addressed in Part I, *infra*.

[2]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens").

[3]Aldrich filed a Declaration (Docket No. 5) indicating that he placed the Complaint in the prison mailbox on August 17, 2013.

matters; however, he had been appointed standby counsel in those cases.  On July 30, 2008, after

a jury trial in the Suffolk Superior Court in connection with <u>Commonwealth</u> v. <u>Aldrich</u>, Case No.

2008-00164, he was found not guilty.  As a result, Aldrich filed an Application for

Compensation for Unlawful Confinement.  This matter received attention from a reporter from

the Boston Globe Newspaper.  Thereafter, a news article was published about Aldrich's success

as a *pro se* litigant.  The article included photographs of him.

In October, 2008, while Aldrich was in the custody of the Middlesex County Sheriff and

being transported to Suffolk Superior Court for a hearing on his Application for Compensation

for Unlawful Confinement, he was placed into a holding cell in the courthouse, a cell reserved

for "protective custody" inmates.  Aldrich protested this placement, but was told by the Court

Officer that he was instructed to place him in that holding cell.  Another individual, Mason, was

occupying the same cell.  Mason then engaged Aldrich in a conversation about the Boston Globe

Newspaper article.  Aldrich alleges that, "[a]s a ruse, Mason bestowed false praise and trite

platitudes" upon him for winning two jury trials.  Compl. at ¶ 11.  Aldrich claims that this was

done in order to trap him and to illicit incriminating information from him.  <u>Id.</u>

Specifically, Aldrich alleges that Mason held himself out to be a licensed attorney with a

law office in Worcester, Massachusetts, and told Aldrich that once he cleared up his own legal

issues, Aldrich could reach him at his law office.  Mason told Aldrich that he had friends in the

District Attorney's ("DA") Office, and that he could help Aldrich "beat his Middlesex case."  <u>Id.</u>

at ¶ 17.  He also advised Aldrich not to trust Public Defenders.  Aldrich claims that he was

"confused and bedazzled" by Mason's legal credentials, his knowledge of law, and his facility in

the art of persuasion.  <u>Id.</u> at ¶ 19.

At one point during their conversation, Mason asked Aldrich how he had disposed of

2

stolen foreign currency and asked where he had hidden the money.  Mason convinced Aldrich that he could use the stolen foreign currency as a "bargaining chip" for Aldrich in order to work out a "deal" with Mason's friends in the DA's Office.  Id. at ¶ 21.  Aldrich made incriminating statements by telling Mason that he hid the stolen foreign currency in the ceiling of the holding cell at the Cambridge Police Station.

After this conversation, Aldrich was taken into Court for his hearing, and later transported back to the custody of the Middlesex County Sheriff.  Several months later, when Aldrich appeared in the Middlesex Superior Court, the prosecutor confronted him with the incriminating information that led to the discovery of the stolen foreign currency hidden in the ceiling of the police holding cell.  Aldrich later discovered that Mason was a federal prisoner who was cooperating with the government pursuant to U.S. Sentencing Guidelines § 5K1.1.  He also contends that AUSA Freniere had a relationship to Mason as a government agent for her.

Aldrich alleges that he had been duped, and that his constitutional rights had been violated by the surreptitious tactics used by the federal government through a jailhouse informant, to interrogate him illegally without a Miranda warning and without the presence of an attorney, for the purpose of obtaining incriminating evidence against him.  He asserts that AUSA Freniere and Mason entered into an agreement for him to provide incriminating information against others.  Further, Aldrich alleges that the State Attorney General's Office also entered into an agreement with Mason to provide the state with incriminating information against others, although he does not expand on this assertion.

Aldrich filed a Motion to Suppress evidence in the Middlesex Superior Court on the ground that his unlawful interrogation by Mason violated his Sixth Amendment rights.  Before the suppression hearing, Aldrich sought the issuance of a subpoena with respect to AUSA

Freniere in order to have her testify concerning the status of Mason as a government agent.  He contends that AUSA Freniere refused to appear in court.  In light of his inability to obtain government testimony regarding Mason, the state court judge denied Aldrich's Motion to Suppress, and permitted the prosecutor to use the (alleged) illegally obtained stolen foreign currency as evidence against Aldrich at trial.  Thereafter, Aldrich was convicted of burglary and larceny of the foreign currency.

In this action, Aldrich claims that the interrogation and incriminating information caused him to be deprived of his First Amendment right to access to the courts, as well as his Fourteenth Amendment right to due process and equal protection.

Along with the Complaint, Aldrich filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2); a Motion for Leave to Effectuate Service or Process by the United States Marshal and to Waive Fees/Costs (Docket No. 3); and a Motion to Appoint Counsel (Docket No. 4).  On September 9, 2013, Aldrich filed his prison account statement (Docket No. 7).

On September 23, 2013, Aldrich filed a Motion to Correct Docket Entry Sheet (Docket No. 9), and a Motion to be Provided with Electronic Notice of All Filings (Docket No. 9).

<u>ANALYSIS</u>

I.      <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

As an initial matter, this Court must determine whether Aldrich is eligible to proceed *in forma pauperis* in light of 28 U.S.C. § 1915(g).  A prisoner such as Aldrich may be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Where a prisoner has "three strikes," he may only

proceed *in forma pauperis* if he is "under imminent danger of serious physical injury."

A review of Aldrich's litigation history reveals that he is a <u>two</u>-strike litigant for purposes of the three-strike rule of 28 U.S.C. § 1915(g).  <u>See</u> <u>Aldrich</u> v. <u>Herb Chambers, Inc. et al.</u>, Civil Action No. 09-11135-NMG (dismissal entered October 8, 2009, with this Court expressly stating that, for purposes of the three-strike rule of 28 U.S.C. § 1915(g), the dismissal was intended to be a decision on the merits); <u>Aldrich et al.</u> v. <u>Breen et al.</u>, Civil Action No. 09-10352-WGY.[4]  This Court has not considered as strikes those cases that were dismissed for lack of prosecution, voluntarily dismissed, pending appeal, or cases dismissed upon summary judgment or jury verdict.  Notably, however, there are additional cases that may count as strikes in the future pending the outcome of any appeal.  <u>See</u> <u>Aldrich</u> v. <u>Considine, et al.</u>, C.A. 13-11405-DPW (dismissed on the merits on August 29, 2013, <u>after</u> Aldrich filed the instant action); <u>Aldrich</u> v. <u>Ruano</u>, C.A.  13-10754 -WGY (dismissed on the merits *sua sponte* on June 25, 2013, expressly stated that the dismissal was deemed to be a decision on the merits for purposes of 28 U.S.C. § 1915(g); case is pending appeal).[5]  In light of the above, this Court will not deny *in forma pauperis* status based on Aldrich's prior litigation history.

Upon review of Aldrich's financial disclosures in his *in forma pauperis* motion and his

---

[4]That action was dismissed by electronic order on July 13, 2009 for failure to file an Amended Complaint curing the pleading deficiencies and failure to show good cause as directed. On July 15, 2009, Aldrich filed an Amended Complaint (Docket No. 14), and a Motion to Reconsider the Order dismissing the case.  The motion was denied by Electronic Order on July 21, 2009.  That Order stated that the denial was: "not on the basis of untimeliness but because the proposed amended complaint fails to state a cause of action." citing Fed. R. Civ. P. 12(b)(6) and <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662 (2009).

[5]Although <u>Aldrich</u> v. <u>Judge Young</u>, C.A. 13-10466-DPW was dismissed on the merits on July 18, 2003 and the case is pending appeal, this was an action that was removed from state court and thus not brought by a prisoner for purposes of § 1915(g).  The matter could be deemed a strike, however, if the Court of Appeals determines the appeal to be frivolous.

prison account statement, this Court will <u>ALLOW</u> his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).  Nevertheless, because Aldrich is a prisoner he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

A.     Plaintiff Robert Aldrich is assessed  an initial partial filing fee of <u>$38.28</u>, pursuant to 28 U.S.C. § 1915(b)(1)(A);[6] and

B.     The remainder of the fee <u>$311.72</u> is to be assessed and collected in accordance with 28 U.S.C.  § 1915(b)(2).

This assessment is made apart from any other assessments made in other civil actions filed by Aldrich; however, because Aldrich is a frequent filer, for purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at MCI Shirley and by the Clerk's Office Accounting Department, this Court intends that any funds received from Aldrich's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[7]

---

[6]This assessment was based on a manual calculation of 20% of the average monthly deposits over a six-month period based on the prison account information submitted by Aldrich. This assessment is without prejudice to his seeking reconsideration provided he submits an alternative calculation based on credible evidence in accordance with 28 U.S.C. § 1915(b).  This assessment is also made notwithstanding that Aldrich presently may not have sufficient funds to pay the initial partial assessment; the *in forma pauperis* statute provides for assessment at the time of filing of the action, but collection "when funds exist."  28 U.S.C. § 1915(b)(1).

[7]In other words, Aldrich's filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court. <u>See</u> <u>Ruston</u> v. <u>NBC Television</u>, USCA No. 06-4672-cv (2d Cir. 2009) <u>citing</u> <u>Whitfield</u> v. <u>Scully</u>, 241 F.3d 264, 277 (2d Cir. 2001).  <u>See also</u> <u>Lafauci</u> v. <u>Cunningham</u>, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

II.    <u>The Motion For Leave to Effectuate Service of Process by the United States Marshal and to Waive Costs</u>

In light of the various legal impediments to Aldrich's claims discussed below, this Court will <u>DENY</u> Aldrich's Motion For Leave to Effectuate Service of Process by the United States Marshal and to Waive Costs (Docket No. 3).  If this action is permitted to proceed further, this Court will direct the issuance of a summons(es) and also will issue the standard Order directing the United States Marshal to effect service as directed by Aldrich and to advance the costs of service.  Aldrich need not file a renewed motion in this regard.  Further, to the extent that Aldrich seeks a waiver of any other costs associated with this case (apart from the filing fee and the costs of service), the motion will be <u>DENIED</u>.

III.   <u>Screening of the Complaint</u>

The Prison Litigation Reform Act ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996) includes several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  <u>See</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis)*;[8] 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).[9]

---

[8]Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke</u> v. <u>Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(ii) and (iii).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327-328;  <u>Denton</u> v. <u>Hernandez</u>, 504 U.S. 25, 32-33 (1992).

[9]Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

In connection with the preliminary screening, Aldrich's *pro se* Complaint is construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

IV.     Rule 8 Pleading Deficiencies

Aldrich's Complaint materially fails to set forth plausible claims upon which relief may be granted in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957));  see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "['] meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mort. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See also Redondo-Borges v. U.S. Dept. of Hous. and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action . . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

As noted above, it is unclear whether the United States is meant to be the sole Defendant in this action, or whether Aldrich's claims also are asserted against AUSA Freniere and Mason as well, and/or whether he is asserting any claims against any state actor for purposes of 42

U.S.C. § 1983.  Moreover, as pled, Aldrich simply refers to § 1983, <u>Bivens</u>, and an FTCA claim, but he does not set forth the who, what, when, where and why information as to each purported Defendant necessary to state plausible claims under those legal theories.  Further, Aldrich fails to set forth relevant information such as when the Motion to Suppress hearing occurred, or when he was convicted of burglary and larceny of foreign currency, as well as the current status of his criminal conviction.  This information concerning his encounter with Mason and the aftermath is material in considering whether statute of limitations issues are presented, or whether there are other legal impediments.  <u>See</u> discussion, *infra*.

V.   <u>Failure to State a Plausible Section 1983 Claim</u>

In addition to the Rule 8 pleading deficiencies, the Complaint is devoid of any material facts to set forth a civil rights claim under 42 U.S.C. § 1983.  In order to state a §1983 claim, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  <u>Rumford Pharmacy, Inc.</u> v. <u>City of East Providence</u>, 970 F.2d 996, 998 (1st Cir. 1992).  Aldrich fails to set forth any facts satisfying the first element, that is, he has not alleged <u>state</u> action by the United States, AUSA Freniere, or Mason, and this Court cannot discern any based on the allegations in the Complaint. Further, given the allegations that Mason was working for a <u>federal</u> agent, the presumption is that there was no state action.

VI.   <u>Lack of Subject Matter Jurisdiction Over the FTCA Claims; Failure to State Plausible FTCA Claims Against Individuals</u>

A.   <u>Failure to Allege FTCA Presentment Requirements Have Been Satisfied</u>

In addition to the Rule 8 pleading deficiencies with respect to Aldrich's FTCA claim, he fails to demonstrate the subject matter jurisdiction of this Court because he fails to note whether

he has met the administrative presentment requirements for filing an FTCA claim in this Court.

It is well-settled that the United States can be sued only to the extent that it has waived its sovereign immunity.  United States v. Testan, 424 U.S. 392 (1976).  Under the doctrine of sovereign immunity, the United States (through its various branches and departments) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  A waiver of this immunity may never be implied from the factual circumstances of the particular case.  Rather, the waiver must be unequivocally expressed in each instance.  See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538, (1980).

The United States has waived its sovereign immunity for certain common law torts under the FTCA, 28 U.S.C. §1436(a), §2671 et seq., including a waiver of immunity with respect to negligent or wrongful acts of federal employees, see McNeil v. United States, 508 U.S. 106, 111-13 (1993).  Application of the statute, however, is not triggered in the absence of an allegation that an administrative claim has been presented in accordance with  28 U.S.C. § 2675.[10]

---

[10]Section 2675 provides in relevant part, that:

[A]n action shall not be instituted upon a claim against the United States for money damages for injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

28 U.S.C. §2675(a).  The failure to allege presentation is fatal to a plaintiff's complaint.  See, e.g., United States v. Kubrick, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency); accord Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990) (same).  If a claimant fails to comply with this requirement, his claim is forever barred.  28 U.S.C. §2401(b).

Because the FTCA waives sovereign immunity, the notice of claim required to be filed in order to begin the administrative review must be strictly construed.  See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.1983); Byrne v. United States, 804 F. Supp. 577, 579 (S.D.N.Y.1992).   Further, Aldrich has the burden to establish that he has filed such a claim. DiLorenzo v. United States, 496 F. Supp. 79, 84 (S.D.N.Y.1980).   In order to discharge this burden, Aldrich must allege in the Complaint circumstances indicating the presentation of the administrative claim to, and final disposition of the claim by, the appropriate federal agency.  In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir.1972).  The claim presented to the agency must provide "sufficient information both to permit an investigation and to estimate the claim's worth." Keene Corp., 700 F.2d at 842.

If Aldrich has not made proper presentment, this Court cannot stay the action pending his efforts to do so.  The United States Court of Appeals for the First Circuit has stated that, in an FTCA claim against the United States, the District Court properly denied a request to stay proceedings to allow the plaintiff to exhaust administrative remedies, because, "jurisdiction over such claims can not, during the pendency of a case, be conferred on the court where none existed at the time the action was filed."   Ferent v. United States, et al., No. 09-1945 (1st Cir. 2009) (Judgment entered Aug. 6, 2009; Mandate entered Oct. 15, 2009).

B.      Individuals Are Not Proper Defendants in FTCA claims; The FTCA Does Not Apply to Constitutional Torts

Aldrich cannot state plausible FTCA claims against AUSA Freniere or Mason for negligent conduct because the United States is the only proper Defendant in an FTCA claim . See McCloskey v. Mueller, 446 F. 3d 262, 266 (1st Cir. 2006).  Moreover, to the extent that Aldrich is asserting constitutional violations by AUSA Freniere or Mason, those claims also are

not cognizable because the FTCA does not encompass constitutional torts by federal employees.

The Supreme Court has held that "...Congress views FTCA and <u>Bivens</u> as parallel, complementary causes of action." <u>Carlson</u> v. <u>Green</u>, 446 U.S. 14, 20-21 (1980).  This has been interpreted to mean that <u>Bivens</u> is the method by which constitutional tort claims are brought, while claims for negligence and certain intentional (but not constitutional) torts are brought under the FTCA.  <u>Washington</u> v. <u>Drug Enforcement Admin.</u>, 183 F.3d 868, 873-74 (8th Cir. 1999).  "[V]ictims of purposeful wrongdoing on the part of federal law enforcement officers can bring specified intentional tort claims under the FTCA and constitutional tort claims under <u>Bivens v. Six Unknown Agents</u> ...."  <u>Id.</u> at 873 (citations omitted).  If a government agent intentionally commits an act which violates an objectively reasonable interpretation of the constitution, he is liable under <u>Bivens</u>; however, a claimant such as Aldrich is not permitted to bring a constitutional tort cause of action under the FTCA.

VII.    <u>A Bivens Claim Cannot Be Brought Against the United States</u>

Here, Aldrich cannot state a plausible <u>Bivens</u> claim for monetary damages against the United States.  "The <u>Bivens</u> doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." <u>DeMayo</u> v. <u>Nugent</u>, 517 F.3d 11, 14 (1st Cir. 2008).  The United States has not waived sovereign immunity in a <u>Bivens</u> suit for monetary damages.  <u>See</u> <u>United States</u> v. <u>Rural Elec. Convenience Coop. Co.</u>, 922 F.2d 429, 434 (7th Cir.1991) (specifying that the jurisdictional bar of sovereign immunity operates when a suit threatens to impose upon the United States liability for money); <u>Garcia</u> v. <u>United States</u>, 666 F.2d 960, 966 (5th Cir.1982) (holding that <u>Bivens</u> does not waive the government's immunity).

As an additional matter, the United States cannot be held liable under <u>Bivens</u> for the

alleged wrongful actions of federal employees, because there is no *respondeat superior* liability

under <u>Bivens</u>.  <u>See, e.g.</u>, <u>Estate of Rosenberg by Rosenberg</u> v. <u>Crandell</u>, 56 F.3d 35, 37 (8th Cir.

1995) (no *respondeat superior* liability under <u>Bivens</u>); <u>Capozzi</u> v. <u>Department of Transp.</u>, 135 F.

Supp. 2d 87, 98 (D. Mass. 2001) (citing <u>Ruiz Rivera</u> v. <u>Riley</u>, 209 F.3d 24 (1st Cir. 2000)).

VIII.   <u>The Favorable Termination Rule Bars All of Aldrich's Claims</u>

Apart from the legal impediments noted above, the Favorable Termination Rule would

bar <u>all</u> of Aldrich's claims under <u>Bivens</u>, § 1983, and/or the FTCA if he has not overturned his

conviction.  At this time, it is unknown whether Aldrich has been able to vacate or reverse his

conviction for burglary and larceny of foreign currency, but it is presumed that he has not done

so since he has not alleged as much.

It is well-settled that civil rights claims do not accrue unless the prisoner has obtained a

"favorable termination" of the underlying conviction, parole, disciplinary action or condition of

confinement.  <u>See</u> <u>Heck</u> v. <u>Humphrey</u>, 512 U.S. 477 (1994) and its progeny.  Under this rule, "in

order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal ... or called into question by a

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  <u>Heck</u>, 512 U.S. at 486-87

(footnote omitted).  Without such a showing of a favorable termination, a prisoner's cause of

action has not yet accrued.  <u>Id.</u> at 489.

The Favorable Termination Rule has been extended to a wide variety of prisoner

challenges where success "would, if established, necessarily imply the invalidity of the

deprivation...."  <u>Edwards</u> v. <u>Ballistics</u>, 520 U.S. 641, 646 (1997).  A purpose of this rule is to

focus on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Wilkinson v. Dobson, 544 U.S. 74, 81 (2005). Therefore, a civil rights suit is barred "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

Here, it is clear that Aldrich's attack on the alleged misconduct of AUSA Freniere and Mason would necessarily imply the invalidity of his conviction for larceny of foreign currency if he were successful. This is manifest given Aldrich's primary assertion -- that illegal evidence (incriminating statements made to Mason and recovered stolen foreign currency) were used against him in his criminal trial, thereby denying him a fair trial. Any determination that the actions of AUSA Freniere and Mason involving the alleged unlawful procuring of such evidence squarely falls within the purview of Heck. Indeed, the use of such evidence allegedly illegally obtained was the subject of Aldrich's Motion to Suppress, which was denied. Should this Court find that AUSA Freniere and Mason violated his constitutional rights in order to gain incriminating evidence, that finding would go to the heart of the suppression motion, and would necessarily imply the invalidity of Aldrich's conviction. There simply is no way for this Court to construe the application of Heck otherwise.

Notably, Aldrich was aware of the Favorable Termination Rule, as discussed in Aldrich v. City of Cambridge, et al., Civil Action No. 12-12273-RGS, Memorandum and Order (Docket No. 11 at 14-15), and thus the good faith in filing the instant action (presuming he has not overturned his conviction) also is questionable.

Accordingly, all of Aldrich's claims are barred unless he can show that he successfully

14

vacated his criminal conviction before filing this action.

IX.     The Motion to Appoint Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case."  Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988).

Ultimately, to be eligible for *pro bono* assistance under 28 U.S.C. § 1915, Aldrich "must demonstrate that [he is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights."  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id.

Here, this Court cannot find that exceptional circumstances exist that warrant the expenditure of scarce *pro bono* resources, notwithstanding that Aldrich is a prisoner, and lacks funds to retain counsel on his own.  First and foremost, the merits of Aldrich's claims are dubious for all of the reasons noted above.  Second, given his litigation history as a *pro se* litigant, and his ability to pursue both civil and criminal lawsuits *pro se* (including responding to show cause Orders, prosecuting civil claims before a jury, or defending himself at a jury trial,

15

both in state and federal courts), there is no basis to finds that there is a fundamental unfairness in requiring Aldrich to proceed in this case without *pro bono* counsel.  He clearly has a proficiency in the English language and a familiarity with legal concepts, legal proceedings, and civil rights law.  Although he claims this is an unusual case against governmental actors, this Court does not find that this case involves complex or novel issues of law or fact.

Accordingly, his Motion to Appoint Counsel (Docket No. 4) will be <u>DENIED</u>.

X.    The Motion to Correct Docket Entry

Aldrich seeks to have this Court change the case data to reflect that this action is not a § 1983 action, but an action pursuant to the FTCA.  He fails to set forth any reason why he seeks this change, particularly where the cause of action listed will have no substantive impact on this case.  In any event, this Court will <u>DENY</u> the motion because Aldrich's Complaint expressly asserts a <u>Bivens</u> action as well as an FTCA claim.  Two causes of action cannot be listed on the Court's docketing system.  Thus, the cause of action code used by the Clerk's Office in case opening comports with standard procedures, as there is no separate code for <u>Bivens</u> (§ 1983 is used instead<u>)</u>.  Further, information such as the cause of action and nature of suit codes is used by the Courts for statistical and administrative purposes.  This Court sees no basis to change the docket from its present form.

XI.    The Motion to be Provided with Electronic Notices of All Filings

Because Aldrich is a state prisoner and because he is proceeding *pro se*, he requests that this Court provide him with a copy of all electronic notices regarding all filings, orders, and decisions entered on the docket.

This Court will <u>DENY</u> the Motion to be Provided with Electronic Notices of All Filings

(Docket No. 9).  First, to the extent that Aldrich seeks to put the burden on this Court to notify him of any filings made by the parties, the request is unfounded.  The parties are obligated to certify that service has been made with respect to each filing.  Moreover, Aldrich has not alleged any circumstances to assume he is not receiving notice of filings by a Defendant (nor could there be given that summonses have not issued an no appearance has been entered by counsel).

Finally, to the extent that Aldrich seeks electronic notices of rulings rendered by this Court, the standard procedure of the Clerk's Office is to mail a paper copy of Court's ruling to any *pro se* litigant without access to the Court's electronic docket.  Thus, there is no need for an Order as Aldrich requests.

XII.    Order to File Show Cause and File Amended Complaint

In light of the above, this action will be dismissed within 42 days from the date of this Memorandum and Order unless Aldrich demonstrates good cause in writing why this action should not be dismissed.  In filing his Show Cause Response, Aldrich should not reiterate the claims in the original Complaint, but should address specifically the legal impediments to his claims as discussed herein, including the Rule 8 pleading deficiencies, the lack of subject matter jurisdiction over his FTCA claim, the lack of individual liability under the FTCA, and, in particular, the bar of the Heck Favorable Termination Rule.

In addition to the Show Cause Response, Aldrich shall file, within 42 days of the date of this Memorandum and Order, an "Amended Complaint" that comports with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Any Amended Complaint must set forth his cause of action (legal theory of liability) against each Defendant separately, along with a brief statement of the underlying facts to support each claim (*i.e.*, the "who, what, when,

17

where, and why information").

Aldrich is advised that failure to comply with these directives will result in a dismissal of this action as a ruling on the merits.  No summons(es) shall issue pending further Order of the Court.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No.  2) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2.  Plaintiff's Motion for Leave to Effectuate Service of Process by the United States Marshal and to Waive Fees/Costs (Docket No. 3) is <u>DENIED</u>;

3.  Plaintiff's Motion to Appoint Counsel (Docket No. 4) is <u>DENIED</u>;

4.  Within 42 days of the date of this Memorandum and Order, Plaintiff shall file a Show Cause Response demonstrating good cause why all of his claims should not be dismissed;

5.  Within 42 days of the date of this Memorandum and Order, Plaintiff shall file an Amended  Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure;

6.  Plaintiff's Motion to Correct Docket Entry (Docket No. 8) is <u>DENIED</u>; and

7.  Plaintiff's Motion to be Provided with Electronic Notice of All Filings (Docket No. 9) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED: November 22, 2013