**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT ALDRICH,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | Civil Action No.<br>13-12085-NMG<br><br>App. No. 14-1025 |

**ORDER**

**GORTON, J.**

For the reasons stated below, the motion to appeal <u>in forma pauperis</u> (Docket No. 18) is DENIED.

Under the federal <u>in forma pauperis</u> statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous."  <u>Coppedge</u> v. <u>United States</u>, 369 U.S. 438, 445 (1962).

Here, the appeal is not taken in objective good faith because the November 22, 2013 order (Docket No. 11), in which the Court ordered that the plaintiff show cause why the action should not be dismissed, is an interlocutory, non-appealable order.  The order was not a final judgment, <u>see</u> 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decision of the district courts of the United States."[1]),

---

[1]"The statute actually uses the term 'final decision,' but a final decision is equivalent to a final 'judgment.'" <u>Diaz-Reyes</u>

and it was not otherwise immediately appealable.[2]  See, e.g., Adam v. Wells Fargo Bank, N.A., C.A. No. 09-02387, 2011 WL 4592401, at *4 (D. Md. Sept. 30, 2011) (appeal taken from an interlocutory, non-appealable order not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3)); Brown v. Hackbarth, C.A. No. 09-00519, 2010 WL 3810857, at *1 (E.D. Wisc. Sept. 24, 2010) (same); Avery v. Ferguson, C.A. No. 07-05111, 2009 WL 1940861, at *1 (W.D. Ark. July 7, 2009) (same); Francis v. Joint Force Headquarters Nat'l Guard, C.A. No. 05-04882, 2009 WL 387899, at *4 (D.N.J. Feb. 13, 2009) (same).  Further, contrary to the plaintiff's assertions, the defendant was not under any obligation to respond to the complaint even though the defendant's counsel has entered an appearance; a summons has not been issued in this action.

Accordingly, the motion to appeal in forma pauperis (Docket No. 18) is DENIED and the Court certifies that the appeal is not taken in good faith.

---

v. Fuentes-Ortiz, 471 F.3d 299, 300 n.3 (1st Cir. 2006).

[2]Under the so-called "collateral order doctrine," an interlocutory order may be appealed immediately if it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Asociación de Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 479 F.3d 63, 75 (1st Cir. 2007) (quoting Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003)).  Certain interlocutory orders are also immediately appealable under 28 U.S.C. § 1292(a)-(b).  However, neither the "collateral order doctrine" nor 28 U.S.C. § 1292 is applicable to the Court's November 22, 2013 order.

The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.


**So ordered.**

                         /s/ Nathaniel M. Gorton
                        Nathaniel M. Gorton
                        United States District Judge
Dated: 1/24/14