```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| **ROBERT ALDRICH,** )<br>     Plaintiff, )<br>                       )<br>     v.              )<br>                       )<br>**UNITED STATES OF AMERICA,** )<br>     Defendant. ) | Civil Action No.<br>13-12085-NMG |

**ORDER**

**GORTON, J.**

For the reasons stated below, the Court (1) denies the defendant's motion that the Court accept the plaintiff's notice of voluntary dismissal; (2) grants the plaintiff's motion to withdraw the voluntary dismissal; and (3) grants the plaintiff's motion for an extension of time to respond to the Court's show cause order.

**I.   Background**

Inmate Robert Aldrich brought an action against the United States in which he complained of the actions of a government informant and others that led to a criminal conviction. In a memorandum and order dated November 22, 2013 (Docket No. 11), the Court allowed the plaintiff's motion for leave to proceed in forma pauperis and directed the plaintiff to show cause why the action should not be dismissed. The Court found that all of Aldrich's claims would be barred by the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477 (1994), if success on his claims would invalidate an intact conviction. Because the status of the challenged conviction was unclear (and because of other defects with the complaint), the Court allowed Aldrich until

January 3, 2014 to file an amended complaint. Summonses did not issue.

On December 30, 2013, Aldrich filed a notice of interlocutory appeal (Docket No. 15). While the appeal was pending, he filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(I), stating that success on his claims would imply the invalidity of his state criminal conviction which was on direct appeal. In an order dated February 26, 2014 (Docket No. 23), the Court declined to take any action on the notice of voluntary dismissal pending the resolution of the appeal.

The appeal has since been dismissed for lack of jurisdiction. The defendant has moved that the Court accept the plaintiff's notice of voluntary dismissal (Docket No. 26). Aldrich opposed the motion (Docket No. 29)[1] and moved to withdraw the notice of voluntary dismissal (Docket No. 27). He asks for additional time to respond to the show cause order (Docket No. 28).

## II. Discussion

Rule 41 of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action without a court order where the plaintiff files a notice of dismissal before the opposing party files an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A). However, this rule is subject to "any applicable federal statute," see id., and 28 U.S.C. § 1915A

---

[1] In his opposition, Aldrich represents that he filed an amended complaint. See Plt's Opp. (Docket No. 29). The Court did not receive such a pleading from the plaintiff.

directs a court to screen a complaint--even before docketing if possible--and dismiss the action if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant immune from such relief, <u>see</u> 28 U.S.C. § 1915A.  Allowing a prisoner to voluntarily dismiss a complaint after he has learned that his complaint may be dismissed upon a screening under 28 U.S.C. § 1915A (or upon a motion to dismiss for failure to state a claim upon which relief may be granted) could permit the prisoner to avoid a "strike" under 28 U.S.C. § 1915(g).  This would undermine the purpose of the Prison Litigation Reform Act, <u>see</u> <u>Hines</u> v. <u>Graham</u>, 320 F. Supp. 2d 511, 524-26 (N.D. Tex. 2004), whose purpose is to "discourage prisoners from filing claims that are unlikely to succeed," <u>Crawford-El</u> v. <u>Britton</u>, 523 U.S. 574, 596 (1998).  This Court agrees with the numerous district courts which have held that a prisoner's opportunity to voluntarily dismiss a case is subordinate to 28 U.S.C. § 1915A.  <u>See</u>, e.g., <u>Ludy</u> v. <u>Nelson</u>, C.A. No. 13-00353, 2014 WL 468509, at *1 (M.D. Ga. Feb. 5, 2014); <u>Walker</u> v. <u>Sec'y, Dep't of Corr.</u>, C.A. No. 12-00340, 2013 WL 8445033, at *1 (N.D. Fla. Oct. 10, 2013);  <u>Franklin</u> v. <u>Scott</u>, C.A. No. 12-00418, 2012 WL 4742814, at *1 (N.D. Fla. Oct. 4, 2012); <u>Davis</u> v. <u>Bexley Police Dep't</u>, C.A. No. 08-00750, 2009 WL 414269, at **1-2 (S.D. Ohio Feb. 7, 2009); <u>Hines</u>, 320 F. Supp. 2d at 524-26; <u>Sumner</u> v. <u>Tucker</u>, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998); <u>cf.</u> <u>Taylor</u> v. <u>First Med. Mgmt.</u>, 508 Fed. Appx. 488, 497 (6th Cir. 2012) ("A plaintiff cannot avoid incurring a strike by

3

simply voluntarily dismissing a claim.").

## III. Conclusion

Accordingly:

1. The defendant's motion for the Court to accept the plaintiff's notice of voluntary dismissal (Docket No. 26) is DENIED.

2. The plaintiff's motion to withdraw the notice of voluntary dismissal (Docket No. 27) is GRANTED.

3. The plaintiff's motion for time to respond to the show cause order (Docket No. 28) is GRANTED. Plaintiff shall file an amended complaint and otherwise respond to the show cause order within forty-two (42) days of the date of this order. Failure to comply with this order will result in dismissal of the action.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: 7/17/15