UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
ROBERT ALDRICH,               )
        Plaintiff,            )        Civil Action No.
                              )        13-12085-NMG
        v.                    )
                              )
UNITED STATES OF AMERICA,     )
        Defendant.            )
_____)
```

**ORDER**

**GORTON, J.**

For the reasons set forth below, the Court dismisses this
action.

Over two years ago, state prisoner Robert Aldrich brought
this action in which he alleged that he had been wrongly
convicted because of the actions of a jailhouse informant.  In a
memorandum and order dated November 22, 2013 (Docket No. 11),
this Court ordered him to show cause why the action should not be
dismissed.  Although the Court set forth a variety of reasons for
which different claims failed, it noted that all claims appeared
to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), in which
the Supreme Court held that a litigant may not challenge an
intact criminal conviction through a civil rights action.

After plaintiff's brief (and unnecessary) trip to the First
Circuit, this Court again directed Aldrich to respond to the show
cause order.  In two separate requests he sought additional time
to do so, explaining that a positive outcome on the direct appeal
of his conviction would allow him to pursue his claims.  The
Massachusetts Appeals Court affirmed Aldrich's conviction in
relevant part, explicitly rejecting Aldrich's argument that money

found as a result of his conversation with his cellmate should have been excluded. See Commonwealth v. Aldrich (No. 1), 83 Mass. App. Ct. 13 (2015) (disposition); Commonwealth v. Aldrich (No. 2), 88 Mass. App. Ct. 1102, 2015 WL 5023263, at *1 (Mass. App. Ct. Aug. 26, 2015) (Memorandum and Order Pursuant to Rule 1:28). Aldrich's Application for Leave to Obtain Further Appellate Review is pending before the Commonwealth's Supreme Judicial Court. See Commonwealth v. Aldrich, FAR-23767 (Mass.)

The Court granted both of Aldrich's motions for extensions of time. Most recently, on November 26, 2015, the Court allowed the plaintiff's motion for 45 more days to respond to the show cause order (Docket No. 39). The time for complying with that extension of time has passed without any response from Aldrich.

This action will be dismissed for failure to state a claim upon which relief may be granted. As the Court has already explained, success on Aldrich's claims would necessarily imply the invalidity of his conviction, and thus the action is barred under Heck. It is not a question of giving the plaintiff additional time so that he may continue his efforts to overturn his conviction. Under Heck, a civil rights claim for an allegedly unconstitutional conviction or sentence simply does not exist until the criminal proceedings have terminated in the plaintiff's favor. See Heck, 512 U.S. at 489. The Supreme Court has explicitly held that where the favorable termination rule of Heck precludes a civil action, a district court must dismiss rather than stay the action. See Edwards v. Balisok, 520 U.S.

641, 649 (1997)

Accordingly, this action is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.


**So ordered.**

    /s/ Nathaniel M. Gorton
    Nathaniel M. Gorton
    United States District Judge

Dated: 1/12/16