```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ROBERT ALDRICH,               ) | |
|     Plaintiff,           ) | Civil Action No. |
|                           ) | 13-12085-NMG |
|     v.                    ) | |
|                           ) | |
| UNITED STATES OF AMERICA,     ) | |
|     Defendant.           ) | |

                          MEMORANDUM AND ORDER

GORTON, J.

I.  Background

On January 12, 2016, this Court issued an Order (Docket No. 41) dismissing prisoner plaintiff Aldrich's ("Aldrich") civil rights suit, based upon a screening of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and the finding that Aldrich failed to state a claim upon which relief may be granted.  In that dismissal Order, this Court noted that on November 22, 2013, Aldrich was directed to show good cause why his case -- alleging a wrongful state conviction based on the actions of a jailhouse informant -- should not be dismissed because it was barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court held that a litigant may not challenge an intact criminal conviction through a civil rights action.[1]  See Memorandum and Order (Docket No. 11).

Aldrich filed a motion to extend time to file his show cause

---

[1] In the Memorandum and Order (Docket No. 11), this Court also discussed various other legal impediments to Aldrich's claims.

response because he had a direct appeal pending.  He filed another motion to extend time because, after his conviction had been affirmed on direct appeal, his Application for Leave to Obtain Further Appellate Review ("FAR") was pending before the Massachusetts Supreme Judicial Court ("SJC").  See Commonwealth v. Aldrich, FAR-23767 (Mass.).  This Court granted two substantial extensions of time to file his show cause response.  Nevertheless, Aldrich failed to comply with the Court's deadline.

In the January 12, 2016 Order for dismissal, this Court expressly noted that it did not dismiss Aldrich's claims because of a failure to meet the show cause response deadline; rather, this Court determined that Heck barred his claims and that a dismissal, rather than a stay, of the case was warranted.  Order (Docket 41 at 2) citing Edwards v. Balisok, 520 U.S. 641, 649 (1997).

On February 8, 2016, Aldrich filed a Motion for Relief from Judgment (Docket No. 43).  He claims that he discovered the state appellate record was incorrect in that it omitted material documents needed to perfect the issues before the SJC in connection with his FAR.  He filed a motion to stay FAR and a motion to correct the record.  While these were pending, Aldrich contends he filed a third motion for an extension of time pending final disposition of his direct appeal and FAR.[2]  He also

---

[2]The docket reflects the last request for an extension of time was made on October 26, 2015, seeking 45 days.  See Motion for Extension of Time (Docket No. 38).  That motion was allowed by Electronic Order (Docket No. 39).

contends that this Court mistakenly believed that he failed to file a timely show cause response and dismissed his case instead. Further, Aldrich contends that this Court had a mistaken belief "that Aldrich had lapsed in his obligation to acquire an extension of time in the State court before the Supreme Judicial Court." Motion for Relief (Docket No. 43, ¶ 11). On January 19, 2016, the SJC allowed Aldrich's motion to stay and motion to correct the record until March 4, 2016.

Aldrich states that: "It is clear, that Heck v. Humphrey, 512 U.S. 477 (1994), is the pivotal factor as to whetehr [sic] or not Aldrich will be allowed to proceed forward in this action or not." Motion for Relief (Docket No. 43, ¶ 15). In light of this, he argues that since his direct appeal is pending before the SJC, he should be entitled to relief from the judgment of dismissal of this action. He also seeks a further extension of time until after final disposition on direct appeal pending before the SJC, as a matter of fundamental fairness.

## II. Discussion

In his Motion for Relief from Judgment, Aldrich challenges the dismissal order on the grounds that the dismissal is premature given that his attack on his conviction is still pending in the state court. Thus, it is clear that Aldrich is under the impression that this Court granted his requests to extend time to respond to the show cause Memorandum and Order specifically so he can exhaust his state remedies challenging his conviction, and, if successful, proceed with this case. In other

words, Aldrich has interpreted this Court's grant of extensions of time to file a show cause response as the functional equivalent of a stay of proceedings in this case pending exhaustion, or, he views this as permission by this Court (or direction by this Court) to continue his efforts in the state court while his case remains pending.[3]

Aldrich's belief is misplaced.[4] In any event, whether he had sought a third extension of time pending before the Order of dismissal issued is not germane at this time. As noted above, in the Order of Dismissal and Order (Docket No. 41), this Court expressly stated that the matter did not involve the question

---

[3] Notably, in his prior Motion for Further Enlargement of Time Pending Final Disposition of Appeal Before the SJC (Docket No. 38), Aldrich asserted additional time to file his show cause response was necessary because "this court has already informed Aldrich of the need to overcome the 'favorable termination' rule of Heck v. Humphrey, 512 U.S. 477 (1994), which appears to impact Aldrich's civil action and his ability to proceed forward." Motion for Further Enlargement of Time Pending Final Disposition of Appeal Before the SJC (Docket No. 38 at 1).

[4] Aldrich's alleged understanding that he needed to overturn his conviction during the pendency of this action in order to proceed might give this Court pause but for the fact that Aldrich previously has been advised by this Court of the application of the favorable termination rule of Heck. See Aldrich v. DiPaola, et al., Civil Action No. 09-11513-EFH; Memorandum and Order (Docket No. 7 at 13)(discussing application of Heck in detail and noting that noting that, without a favorable termination, a plaintiff's cause of action under § 1983 "has not yet accrued"). After receipt of the Memorandum and Order, Aldrich filed a "Motion for Voluntary Dismissal Pursuant to Heck v. Humphrey" (Docket No. 8 at 1) where he requested to dismiss his civil action until such time as he received a "favorable termination" from the SJC. Thereafter, Aldrich again was advised about the Heck rule, particularly noting that civil rights claims do not accrue until there is a favorable termination. See Aldrich v. Considine, et al., Civil Action No. 13-11405-DPW; Memorandum and Order (Docket No. 15 at 22-25).

whether Aldrich should have more time so that he could continue his efforts to overturn his conviction.  Rather, the matter turned solely on the legal impediment presented by Heck.  As this Court previously stated: "Under Heck, a civil rights claim for an allegedly unconstitutional conviction or sentence simply does not exist until the criminal proceedings have been terminated in the plaintiff's favor.  Id. at 2, citing Heck, 512 U.S. at 489 (emphasis in underline added).

In short, Aldrich's claims were not cognizable at the time he filed this lawsuit, nor are they cognizable at this time because his claim has not yet accrued.  Although the Court had directed Aldrich to demonstrate good cause why the case should not be dismissed, at this juncture the Court finds that there is no response that Aldrich could make that would overcome the Heck bar.[5]  Thus, Aldrich's Motion for Relief from Judgment is without merit.[6]

---

[5] Indeed, Aldrich does not contend that his factual allegations concerning the jailhouse informant render the matter outside the scope of Heck (*i.e.*, he does not claim that success on the claim would not necessarily invalidate his conviction); rather, he concedes Heck is the key issue that will be overcome if he is successful in getting his conviction reversed.

[6] As an additional matter, the Court is aware that this ruling could, as a practical matter, hinder Aldrich's ability to renew his claims in a later civil action if he is successful in his overturning his conviction, because of the three-strikes rule of 28 U.S.C. § 1915(g).  In the November 22, 2013 Memorandum and Order (Docket No. 11 at 5), this Court noted that Aldrich was a two-strike litigant for purposes of 28 U.S.C. § 1915(g), not counting certain actions pending appeal.  Since then, however, the First Circuit Court of Appeals has determined that Aldrich's appeal of the dismissal in Aldrich v. Judge Young, Civil Action No. 13-10466-DPW, was frivolous.  See Aldrich v. Judge Young, No. 13-1966 (1st Cir. Dec. 22, 2015); Judgment (Docket No.

### III. Conclusion and Order

Based on the above, the Order of dismissal (Docket No. 41) stands. Aldrich's Motion for Relief from Judgment (Docket No. 43) is <u>DENIED</u>. His request for a further extension of time until after a decision by the SJC is rendered is <u>DENIED</u>.

The Court finds that any appeal by Aldrich of the rulings contained herein would not be taken in good faith.

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u><br>
Nathaniel M. Gorton<br>
United States District Judge

Dated: February 26, 2016

---

34)(summarily affirming the dismissal and agreeing with the District Court that the appeal was not taken in good faith and finding Aldrich had failed to present any non-frivolous argument on appeal). Additionally, the First Circuit Court of Appeals affirmed the dismissal by Judge Young in <u>Aldrich</u> v. <u>Ruano</u>, Civil Action No. 13-10754-WGY. <u>See</u> Mandate (Docket No. 24); <u>Aldrich</u> v. <u>Ruano</u>, No. 13-1798 (1st Cir. 2014). In its Opinion (Docket No. 22), the First Circuit noted that Aldrich's access to the courts claim was "patently meritless and beyond all hope of redemption" and therefore *sua sponte* dismissal could be affirmed on that ground. <u>Id.</u> at 3. In light of these two decisions, Aldrich appears now to be a three-strikes litigant. Thus, even if Aldrich was successful in overturning his conviction, he would not be able to proceed *in forma pauperis* in a re-filed civil action in this Court if he remained a prisoner in custody for other reasons. He would be required to pay the $400.00 filing and administrative fees of the Court if he is still a prisoner.